Carlton and Carlton *vs.* Price.

No. 70.—Finis E. Carlton and Rebecca A. Carlton, by their next friend, Turner H. Trippe, plaintiffs in error, *vs.* James Price, defendant.

[1.] Where a testatrix by her will, made the following bequest, "I give and bequeath to my son, Robert W. Carlton, during his natural life, and at his death to the lawful begotten heirs of his body, the following property, (to wit,) Aggy, a woman about thirty-two years of age, and the rest of her children, (to wit,) James, Caroline, Sarah, Manuel and John, and all their

increase forever: Nevertheless, if the said Robert W. Carlton, shall die without an heir, then it is my desire that the above named and described negroes and their increase be set free *at his death.*" *Held,* that the disposition of the property was good as an executory bequest, and that the children of Robert W. Carlton took the same as *purchasers* under the will, and not as *heirs general,* by descent.

Trover, from Chattooga Superior Court. Tried before Judge Jno. H. Lumpkin, April Term, 1851.

The facts of this case are as follows: Mrs. Lucy Carlton, of the State of Alabama, died, leaving a will, in which was the following bequest: " I give and bequeath to my son, Robert W. Carlton, during his natural life, and at his death to the lawfully begotten heirs of his body, the following property, to wit: Aggy, a woman about thirty-two years of age, and the rest of her children, to wit, James, Caroline, Sarah, Manuel and John, and all their increase forever. Nevertheless, if the said Robert W. Carlton, shall die without an heir, then it is my desire that the above described and named negroes and their increase be set free at his death." This will was established, and Robert W. Carlton took possession of the negroes under it, and subsequently sold them to defendant. Robert W. Carlton died, leaving the plaintiffs, his children, minors, who now sue Price, the defendant, for the negroes. All these facts were admitted on the trial. The Court below, held that the will created an estate tail, and was therefore void as to the limitation over, and vested a fee simple in Robert W. Carlton.

The Jury found for defendant, and plaintiffs excepted to said ruling of the Court.

Akin & Trippe, for plaintiffs in error.

Alexander & Underwood, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only question made in this case, is as to the construction of the second clause of the will of the testatrix.

By the second clause of the will, the testatrix made the following bequest: " I give and bequeath to my son Robert W. Carlton, during his natural life, and at his death to the lawfully begotten heirs of his body, the following property, (to wit:) Aggy, a woman about thirty-two years of age, and the rest of her children, to wit, James, Caroline, Sarah, Manuel, and John, and all their increase forever.  Nevertheless, if the said Robert W. Carlton, shall die without an heir, then, it is my desire that the above described and named negroes and their increase, be set free *at his death.*"  Taking the whole clause of the will into consideration, are the words, " I give and bequeath to my son, Robert W. Carlton, during his natural life, and at his death to the lawful begotten heirs of his body, the following property, &c." to be regarded as words of *limitation*, or as words of *purchase*?  That it was the *intention* of the testatrix, for the children of her son Robert, to take the property if he should leave any children at his death, is manifestly apparent ; and the only question is, whether such intention can be carried into effect, without violating the rule of law.   For the plaintiff in error, it is insisted, that the superadded words, contained in this clause of the will, are sufficient to take it out of the general rule of law, which prohibits the limitation of property over upon an *indefinite* failure of issue, and that the disposition of the property is good as an executory bequest to the children of Robert W. Carlton, who are now the plaintiffs.  For the defendant, it is contended that there are no superadded words, which will take the bequest out of the general rule, and that it is a limitation over after the death of the first taker, upon an *indefinite* failure of issue, consequently too remote and void.

We will first state the rule of law, and then inquire whether the testatrix has violated it, so as to prevent her intention from being carried into effect.   When the intention of testators and the laws of the land are in conflict, the latter must prevail.   The rule of law is, that whenever the testator limits his property to take effect after the death of the first taker *without heirs*, or *without issue*, subject to no other restriction, the limitation is void, as being too remote ; such a disposition of property is considered

as a limitation over upon an *indefinite* failure of issue, and is therefore an estate tail, which is prohibited by our law. In order to constitute a good and valid executory bequest or devise, the limitation over must be confined to a stated period, to wit, to a life or lives in being, and twenty-one years afterwards, to which may be added a few months more to reach the case of a posthumous child. When the time is *definitely* fixed by the testator within which the limitation over of the property is to take effect, and such time is within a life or lives in being and twenty-one years afterwards, as required by law, the limitation over is good, and the intention of the testator will be carried into effect; for being a limitation over upon a *definite* failure of issue within the time allowed, the law is not violated, nor the public policy of the country prostrated.

But when the time for the limitation over after the death of the first taker is not *definitely* fixed by the testator, as when property is bequeathed to A and his heirs, or to the heirs of his body, and if A shall die without any heir, or heirs of his body, then the property is given over to B, this limitation over to B is void, because it is a limitation over to him whenever the heirs or descendants of A, the first taker, shall become extinct, without any reference to any *particular period of time*, or any *particular event*—it is, in the language of the authorities, a limitation over upon an *indefinite* failure of issue, and void for the reason it might tie up property for generations.

Who is meant by the testatrix as " the lawfully begotten heirs of his body?" Is it a fair interpretation of the will to say, she meant the *heirs general* of her son Robert, who might be in existence, without regard to any *definite* or fixed period of time ? The latter part of the clause forbids that construction; for she declares, " nevertheless, if the said Robert W. Carlton shall die without an heir, then it is my desire that the above described and named negroes be set free *at his death*." It was only such heirs of her son Robert as might be in life, and capable of taking *at his death*, who were to have the property.

The bequest is restricted to such heirs of her son Robert as might be in life, and capable of taking the property *at his death*;

Carlton and Carlton *vs.* Price.

because, she makes a *final disposition* of the property *at his death,* if no heirs of his body to take it at *that time,* not at any *indefinite* period of time after the death of her son Robert, who was the first taker. The words " lawfully begotten heirs of his body," were used by the testatrix as synonymous with *children,* and not as *heirs general,* who were to take by descent.

The words "lawfully begotten heirs of his body," were used to designate a particular class of persons, by the testatrix, who might be in life and capable of taking the property *at the death* of her son, and if there was no one in life answering the description of "heirs of his body" to take the property, then, *at his death,* she made a *final disposition* of it, which conclusively rebuts the idea that the property was to be tied up, and descend to the *heirs general* of her son Robert in succession, without any restriction as to time. The final disposition of the property by the testatrix, *at the death* of her son, takes the case out of the general rule, in our judgment, inasmuch as a *definite* period of time is fixed for the persons answering the description of heirs of the body of Robert to take the property, which period of time is within a life, or lives in being, and twenty-one years afterwards. It is also our judgment, that the bequest in the will of Lucy Carlton, is good as an executory bequest, and that the children of Robert Carlton, who are the plaintiffs, take the property as *purchasers* under the will, and not as *heirs general by descent.* *Kemp vs. Daniel,* 8 *Geo. R.* 385. *Burton vs. Patterson, Ibid,* 146.

Let the judgment of the Court below be reversed.