Jones *et al. vs.* Jones, adm'r, &c. *et al.*

No. 134.—FRANCES A. JONES and others, plaintiffs in error, *vs.* MITCHELL B. JONES, adm'r, &c. *et al.* defendants in error.

[1.] A will contained these words : "I loan to my daughter, Sophia Jones, during of her natural life, and then to her bodily heirs, the following negroes" : *Held*, that these were words of entail; and that consequently, they vested the absolute interest in Sophia Jones.

[2.] A J, by deed, said that he loaned to his sister Sophia one negro girl, Cinder, during her natural life, and then to her bodily heirs ; and if said Sophia should die without issue, then said negro and her increase, if any, was to be equally divided between her brothers and sisters, that should be alive *at that time*, or if any of them should be dead, their children should be entitled to a share in proportion to the said brothers and sisters: *Held*, that Sophia took an estate for her life only, and that her children took the remainder.

In Equity, in Lowndes Superior Court.   Decision by Judge LOVE, June Term, 1856.

The following clause was a part of the will of Daniel Inman :

"I loan to my daughter, Sophia Jones, during of her natural life, and then to her bodily heirs, the following property, viz : nine negroes," naming them.

By a deed of gift, Alfred Inman "loaned to his sister, Sophia, one negro girl, Cinder, during her natural life, and then to her bodily heirs ; and if said Sophia should die without issue, then said negro and her increase, if any, to be equally divided between her brothers and sisters that shall be alive at that time, or if any of them should be dead, their children shall be entitled to a share in proportion to the above named legatees."

The Court below, in construing these instruments, held that Sophia took an absolute estate in all of these negroes. This decision is assigned as error.

SEWARD & HANSELL, for plaintiffs in error.

COLE, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

It must have been the intention of the makers of the instruments, respectively, to part with the property mentioned in their respective instruments.   If so, they must each have used the word "loan" in the sense of the word give.

Taking the word "loan" in the sense of the word give, are the words of the instruments such, that by the laws of entails, they would, if the property were realty, create an estate tail in Sophia Jones, the first taker?   The Court below held that they were.

And we think that the Court held right, as to the words of the *will*, but not right as to the words of the *deed*.   The words of the will would, if the property were realty, bring the will within the rule in Shelly's case, that rule being as follows : "That it is a rule of law, when the ancestor, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in, for or in tail ; that always, in such cases, (the heirs) are words of limitation of the estate, and not words of purchase."   (1 *Coke,* 104.)

An estate for life in realty is a freehold.   The estate which Sophia Jones took was an estate for her life.

This estate which she thus took was, however, an estate to her for her life, "and then to her bodily heirs" ; and "to her bodily heirs," are, technically, words of entail.

Therefore, if the property had been realty, she would have taken an estate tail in it, provided the old law of entails were the law to govern.

This being so, she, by our Act of 1821, took the absolute interest in the property.

This disposes of the will.

As to the deed.    We think that the words " at that time,"
contained in the deed, mean at the time of Sophia Jones'
death.    If that is what they mean, then they have the effect,
according to *Kemp vs. Daniel*, (8 *Ga. R.* 385,) so to res-
train the other words of the deed as to prevent those words
from being creative of what would be an estate tail in So-
phia Jones, if the property were realty.

The material part of the head note of *Kemp vs. Daniel* is
as follows : " Where B, by his last will and testament, be-
queathed certain negroes to his daughter, as follows : To my
daughter, Celia Rosamond Powell, I give and bequeath, and
to the heirs of her body, the following named negroes, &c.
Should she have no heirs of her body, she is to have the use
of said negroes for her lifetime, and *at her death*, should she
die without any heirs from her body, the four named negroes
above and their increase to return to my son, John B. Bailey,
as his property : *Held*, that it was the intention of the tes-
tator that his daughter should take a life estate in the ne-
groes, and that her children should take an estate in remain-
der thereto as purchasers."

There is no difference between the will in *Kemp vs. Dan-
iel* and the deed in the present case, on the point under con-
sideration.    We, therefore, construe the deed as creating, in
Sophia Wallace, only an estate for her life, and in her chil-
dren the remainder.

This case was not argued at all on one side of it, and it
was argued but very little on the other.    And I must say
that I have not a great deal of confidence in the correctness
of the decision on the deed.