Loyless *vs.* Blackshear *et al.*

JAMES E. LOYLESS, plaintiff in error, *vs.* THOMAS J. BLACKSHEAR *et al.*, defendants in error.

1. Where a deed was executed by W., conveying certain described lands to M., trustee for M. E. M. and her children, in fee simple, and warranting the title thereto:

*Held,* That M. E. M. and her children, then in life, took an estate in the land as joint tenants, under our law, as tenants in common.

2. *Held, also,* That an order to sell the trust estate of Mrs. R., formerly Mrs. M. E. M., passed only her interest in the land, and not the interest of her children, who were not parties to that proceeding.

3. *Held, further,* That, with proper allegations in the defendant's plea, he is entitled to the same relief in a Court of law, under the provisions of the Code, as he would be in a Court of equity, in relation to the payment of the debts of the trust-estate from the proceeds of the sale of Mrs. R.'s part of the land, and to adjust the equitable rights of the parties, as the same may be shown to exist on the trial of the case.

Evidence. Tenants-in-common. Partition. Before Judge HARRELL. Terrell Superior Court. March Term, 1871.

Thomas J. Blackshear *et al.* averred that they were tenants-in-common with Loyless in certain land, and prayed for its partition. He resisted, upon the ground, that plaintiffs had no title to said land, that they were not tenants-in-common with him, and that he had the exclusive title to the same. Plaintiffs read in evidence a deed, made 26th January, 1859, in usual form, by one "Walker, of the one part, and Patrick H. Mills, trustee for Martha E. Mills and her children, of the other part;" and it witnessed that, for $800, paid by "Patrick H. Mills, trustee, as aforesaid," Walker conveyed the land in dispute to said Mills, "trustee, as afore-

said," to hold the same to said "Mills, trustee, as aforesaid, in fee simple," and ended with usual warranty to said Mills, "trustee, as aforesaid."

It was shown that Loyless was in possession of said land; that Mrs. Blackshear was the wife of Mills alluded to in said deed, and the other minor plaintiffs were Mills' children; that Mills died in 1859; his wife married Ravens; *he* died, and she married Blackshear, and is still alive. Plaintiffs closed. Defendant moved for a non-suit, upon the ground, that Walker's said deed conveyed a life-estate to Mrs. Blackshear, (then Mills,) and remainder to her children, and they could not sue during her life. The motion was overruled.

Defendant then offered in evidence a petition, filed by Ravens as trustee for his wife, in 1863, in which it appeared that he averred that he held this land as her trustee; that there was a *fi. fa.* against "the trust-estate," and prayed that he be allowed to sell it, pay said *fi. fa.*, and invest the balance "for the benefit of the trust-estate." Mrs. Ravens joined in this request, and the Judge granted the order. They then offered in evidence a deed from Ravens, as trustee for his wife and her children, conveying said property to H. Rogers and W. H. Brotherton for $3,300 00, paid in January, 1864, and they read in evidence other deeds, bringing the title down to Loyless.

Defendant's counsel then proposed to show that part of said $3,300 00 was applied to paying the debts of the trust-estate, and the remainder was invested in a farm for the benefit of Mrs. Blackshear (then Ravens,) and her children, in pursuance of the terms and provisions of said order. The Court rejected the evidence as irrelevant.

The Court told the jury that plaintiffs were entitled to a verdict, and that the only question was, whether the land should be divided by metes and bounds, or sold. The jury found that the land be sold, and that the proceeds be equally divided between Mrs. Blackshear, her two children and Loyless.

Defendant assigns as error the refusal to non-suit, the refusal to allow proof of the disposition of said $3,300 00, and the *instructions* to the jury to find for plaintiffs.

C. B. WOOTEN, for plaintiffs in error.

W. A. HAWKINS, for defendant.

WARNER, Judge.

1. This was an application by the children of Martha E. Mills for a partition of certain described lands, in the town of Dawson, and county of Terrell, against the defendant. The petitioners claim title under a deed made by John T. Walker, on the 26th of January, 1859, conveying the premises in dispute to Patrick H. Mills, trustee for Martha E. Mills and her children. This deed conveys the land to Patrick H. Mills, trustee for Martha E. Mills and her children, in *fee simple,* and warrants the title thereto. Patrick Mills having died, and his widow, Martha E., having intermarried with Ravens, he, as her trustee, with her written consent, on the 5th day of January, 1864, obtained an order from the Judge of the Superior Court to sell the said trust-estate, and, after paying the debts against the same, to reinvest the balance of the money for the benefit of said trust-estate. The children were *not parties* to this application for the sale of the estate, and are not named, either in the petition or order for the sale of it. The petition and the order is for the sale of the trust-estate of Mrs. Ravens, formerly Mrs. Mills. The interest of Mrs. Ravens in the trust-estate was the only interest sold under the order of the Court. The defendant derives his title under that sale. On the trial, in the Court below, the defendant moved for a non-suit, on the ground, that the deed from Walker to the trustee of Mrs. Mills and her children, created a life-estate in her to the property conveyed, with an estate in remainder to her children, she being still in life, which motion was overruled, and the defendant

excepted. The defendant offered testimony to prove that a part of the money arising from the sale of Mrs. Ravens' part of the estate, under the order of the Court, was applied to the payment of debts against the trust-estate, and the balance invested in a farm for the benefit of Mrs. Ravens and her children, in pursuance of the order of the Court. The testimony so offered was rejected by the Court, and the defendant excepted. The jury, under the direction of the Court, found a verdict for the plaintiffs, to which the defendant excepted. The deed from Walker to Mills, as trustee for Mrs. Mills and her children, was executed prior to the adoption of the Code. By the common law, and the provisions of the Act of 1853, this deed conveyed the land to Mrs. Mills and her children, *then in life*, as joint tenants, under our law, as tenants-in-common. An estate in joint tenancy is where lands or tenements are granted to two or more persons, to hold in fee simple. An estate in remainder is an estate limited to take effect and be enjoyed after another estate is determined; and there must be, at the common law, a *particular* estate to support the estate in remainder, which is not necessary, under the provisions of the Code. The deed conveyed the land to Mrs. Mills and her children, *then in life*, as tenants-in-common, in *fee simple*, and not to her, during life, with remainder to her children. In view of the facts of this case, the motion for non-suit was properly overruled. In our judgment, only such of the children of Martha E. Mills who were in life at the time of the execution of the deed of conveyance by Walker, were entitled to recover.

2. The purchaser at the sale of the land, under the order of the Court, purchased only the interest which Mrs. Ravens had in it, and not the interest of the children, under the deed from Walker.

3. With the proper allegations in the defendant's plea, he is entitled to the same equitable relief in a Court of law, under the provisions of the Code, as he would be in a Court of equity, in relation to the payment of the debts of the

trust-estate from the proceeds of the sale of Mrs. Ravens' part thereof, and the reinvestment of the balance for the benefit of the children, who are entitled to claim under the deed, so as to adjust the equitable rights of the parties, as the same may be shown to exist, on the trial of the case.

Judgment reversed.