EDWARD F. MILLER *vs.* JOSHUA WASHBURN.

Middlesex. Jan. 18, 19.— March 1, 1875. AMES & ENDICOTT, JJ., absent.

The owner of land conveyed a portion thereof, bounding the land upon a private way and granting "a right of way to be used in common over and upon the land of the grantor, on the easterly side of the land conveyed, not less than thirty-three feet wide." The grantee conveyed a part of the premises, bounding it on the way, the habendum containing the clause, "with all privileges and appurtenances to the same belonging," and afterwards executed another deed, which conveyed to the same grantee the said right of way to be used in common with others having rights thereto, and recited that the former deed was intended to convey all right of way conveyed to him in the first deed. *Held*, that the first grantee had at least an easement over the whole of the described way, as appurtenant to the land conveyed; that his first deed conveyed the right of way as appurtenant to the parcel conveyed; and that the admission of the second deed in evidence afforded no ground of exception to the objecting party.

Where the owner of land, in a conveyance of a portion thereof, grants "a right of way to be used in common over and upon the land of the grantor, on the easterly side of the land conveyed," parol evidence is inadmissible to show that the grant was intended by the grantor to be only a right to reach a portion of the land conveyed.

Evidence that, at the time of the execution of a deed of land, which also conveyed a right of way over adjoining land, the limits and uses of the way were known to the parties, and that the intention was to grant a right in the way as it then was, including a right, on the grantor's part, of maintaining a fence, with an opening for an entrance upon the granted premises, upon the line between such premises and the way, is inadmissible to control the terms of the deed.

Tort for obstructing a right of way in Auburndale. Trial in the Superior Court, before *Lord*, J., who allowed a bill of exceptions in substance as follows:

On October 11, 1858, the defendant conveyed to Ai Blood a parcel of land bounded and described as follows : " Beginning at the northwesterly corner of said lot, at the easterly side of Waltham Street, at the centre of a ditch, and from thence running southerly, bounded by the easterly side of said Waltham Street, and extending 350 feet, and from thence running southerly, southeasterly, easterly and northeasterly on a curve line as the fence now stands, bounded by land dedicated to the public and extending 80 feet ; thence running northerly, being bounded on the east by a private road or way, and extending in a straight line 136 feet on said way, and continuing in the same course, bounded by said Washburn's land 193 feet to the centre of a ditch ; then turning and running westerly, bounded by the centre of said ditch, 254 feet, ten inches, to the place of beginning." The deed also conveyed to Blood, his heirs and assigns, " a right of way to be used in common over and upon the land of the said Washburn, on the easterly side of the land hereby conveyed, not less than 33 feet wide, and extending 244 feet from the southerly end of the aforesaid lot."

On March 22, 1871, Blood conveyed the southerly part of said lot to the plaintiff, describing it as follows : " Beginning at the. southwesterly corner of said lot, at a stake and stones at the easterly side of Lexington Street, formerly called Waltham Street, and from thence running northerly, bounded by said Lexington Street, and extending 134½ feet to a stake ; then turning and running southeasterly 129½ feet to a post standing at the northeasterly side of a proprietor's way, and from thence running southwesterly, bounded by said proprietor's way, and extending 106 feet to a stake and stones, and from thence running on a curve line to the place of beginning, making a segment of a circle of twenty-nine feet radius, the chord of said segment being a line extending from the last mentioned stake and stones to the one first mentioned." The habendum contained the clause, " with all the privileges and appurtenances to the same belonging." The deed made no further reference to the way.

On June 21, 1871, Blood, by a deed of quitclaim, conveyed to the plaintiff " a certain right of way to be used in common with others having rights thereto," and described the way as the easterly boundary of the land conveyed by him to the plaintiff by the previous deed, and referred to the deed from Washburn for a more particular description thereof, adding that " all the right to said way which was conveyed to me by said Washburn was intended to be conveyed by me to said Miller; and this deed is made to supply the accidental omission."

The defendant formerly owned the land on both sides of the way, and in 1847 built a fence around the land subsequently conveyed by him to Blood, and laid out the way, with an entrance from it into that part of the land afterwards conveyed by Blood to the plaintiff. At the time of the conveyance to Blood, the defendant had maintained the way, and the fence with the opening in it as it then was, for eleven years ; and when the last deed to the plaintiff was made, the way and the fence were in the same position they had been in since 1847. The plaintiff, after receiving his last deed, took the fence down along the whole of his line bounding on the way, and built a barn, with its doors opening close upon the way. The defendant rebuilt the fence when it was taken down by the plaintiff, leaving a wide entrance into the barn from the way opposite the wide door of the barn ; and for this rebuilding of the fence this action is brought.

The defendant contended that, by the proper construction of the deed from him to Blood, and of the first deed to the plaintiff, no right in the way passed to the plaintiff ; but the judge ruled otherwise.

The defendant also contended that no right of way passed by the last deed to the plaintiff, and objected to its admission in evidence ; but the judge allowed it to be read.

The defendant then offered evidence tending to show that the right in the way, intended to be granted by him to Blood, was a right to pass through and over the way, to reach the lower part of the land conveyed to Blood, and not the upper part, conveyed to the plaintiff ; this offer of evidence the judge rejected.

The defendant then offered parol evidence to show that the limits of the way and its uses were fixed and known to Blood and himself at the time of the deed to Blood ; that the fence with

the opening was then standing there, and that the intent was to grant a right in the way as it then was, which included the right of maintaining the fence substantially as claimed by the defendant; but the judge ruled that no parol evidence was competent which should give to the defendant the right to build a fence in such manner as to obstruct the free use by the plaintiff of any part of the way to any part of his land; whereupon a verdict was taken for the plaintiff, with nominal damages; and the defendant alleged exceptions.

*I. D. Van Duzee*, for the defendant.

*T. E. Graves*, for the plaintiff.

DEVENS, J. By the conveyance from the defendant to Blood, he granted premises "bounded on the east by a private road or way, and extending on a straight line one hundred and thirty-six feet on said way," and thence continuing in the same course, bounded by said Washburn's land, one hundred and ninety-three feet. He further granted thereby a right of way, to be used in common over and upon his land on the easterly side of the land conveyed, not less than thirty-three feet in width, and extending two hundred and forty feet from the southerly end of the lot conveyed. Without determining, as we are urged to do by the plaintiff, that the effect of this conveyance was to grant to Blood the fee in one half of the private way so far as it then existed and as his land was bounded upon it, a right of way, at least, was granted as appurtenant to the land conveyed in a strip of land thirty-three feet in width and two hundred and forty feet in length, even if the fee in the half thereof did not pass. *Lewis* v. *Beattie*, 105 Mass. 410.

If a way is granted as appurtenant to a close, such way is appurtenant to all the parcels into which the close may be divided. *Whitney* v. *Lee*, 1 Allen, 198. When, therefore, Blood conveyed to Miller the southerly portion of this tract, bounding it one hundred and six feet on a proprietor's way, "with all the privileges and appurtenances thereto belonging," as the way upon which the parcel was then bounded was the one described as such in the deed of Washburn, by this conveyance there was granted to Miller a right to use the way as appurtenant to the tract conveyed to him, although such right was not given in explicit terms, as in the deed from Washburn to Blood. The deed by which,

subsequently, Blood conveyed to Miller a right to use the way in question in common with others, was therefore superfluous ; but as its admission at the trial can have done the defendant no injury, his exception thereto must, on familiar principles, be overruled.

The evidence offered by the defendant to show that the right intended to be granted was only to pass over the way, in order to reach the lower portion of the land, was also correctly rejected. By the proper construction of the deed, the right granted enabled the owner of the land to use the way in common with others to reach any part of his land which was made accessible thereby. It was not competent by parol evidence to control the grant thus made, and to limit the grantee to a use of the way only for the purpose of reaching the lower portion of the land which remained to Blood after his deed to Miller.

The defendant further offered to show that the limits of the way and its uses were known at the time of the deed to Blood ; " that the fence with the opening or bars was then standing there, and that the intent was to grant a right in the way as it then was, which included the right of maintaining the fence substantially as claimed by the defendant." There was no ambiguity as to the right conveyed, and no parol evidence was needed to apply the deed to its subject matter. *Bond* v. *Fay*, 12 Allen, 86. The action had been brought against the defendant for erecting a fence, so that the plaintiff could only approach the way by a single opening which the defendant had left, and this was therefore a claim on behalf of the defendant to prove the intent of the parties to the deed that the fence should be maintained by the defendant, and a single opening therein be the only approach of the grantee to the way, by proving that the fence was thus maintained at the time of the conveyance. It was in response to this claim, and also that the way could only be used to reach the lower part of the land, that the presiding judge ruled that " no parol evidence was competent which should give to the defendant the right to build a fence in such a manner as to obstruct the free use by the plaintiff of any part of the way to any part of his land." This ruling treats the rights of the parties as settled by the deed, and properly holds that the grant there made cannot be limited by parol evidence. Where the fee to the middle of a way passed

by a deed of land bounded upon such way, it was held that this construction could not be controlled by parol proof that the grantor, about the time of making the conveyance, had erected a permanent wall along the side thereof. *Fisher* v. *Smith*, 9 Gray, 441. So where an unrestricted right in a way is granted as appurtenant to certain premises, such right cannot be diminished by parol proof that, at the time of the grant, a restricted use only was made of such way.

Nor, in the connection in which the ruling is made, is it to be interpreted as authorizing the plaintiff to throw open the way any further than the exigencies and convenience of his business, in a reasonable and proper occupation of his land, demand, or to throw down fences which the defendant may erect along the line of the way, not interfering with the plaintiff in his reasonable use thereof. It affirms only that the rights of the parties must be determined by the construction of the deed, and not by the parol evidence from which the defendant had sought to show an intent differing from such construction.

*Exceptions overruled.*