IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## JANUARY TERM, 1876.

PRESENT—HIRAM WARNER, . . . . . CHIEF JUSTICE.
  L. E. BLECKLEY, . . . . . . JUDGE.
  JAMES JACKSON, . . . . . . "

MICHAEL H. LEE *et al.*, plaintiffs in error, *vs.* SALLIE TUCK-
  ER *et al.*, defendants in error.

Where a deed conveys property for the use, etc., of P., the children she now
 has, and those she may hearafter have by her present husband, and the
 *habendum* clause states the tenure to be for P., her heirs and assigns:
*Held*, that P. took a joint interest with her children and not a fee simple
 estate.

 Estates. Deeds. Before Judge JAMES JOHNSON. Mus-
cogee Superior Court. May Term, 1875.

 Reported in the decision.

 PEABODY & BRANNON, for plaintiffs in error.

 BLANDFORD & GARRARD; R. J. MOSES, for defendants.
  VOL. LVI. 2.

| 56 | 9 |
| 95 | 783 |
| 56 | 9 |
| 98 | 385 |
| 56 | 9 |
| 113 | 211 |
| 56 | 9 |
| 122 | 766 |

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiffs against the defendants, to recover the west half of a certain described city lot in the city of Columbus. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiffs for three-fourths of the premises in dispute, and $267 00 for *mesne* profits. The only question made here, was as to the proper construction to be given to the deed under which the plaintiffs claimed title.

It appears from the evidence in the record, that on the 29th of November, 1854, Hicks, in consideration of the sum of $800 00, conveyed the lot in dispute to Barber, as trustee for Mary Persons, wife of Malcolm Persons, "for the use, benefit and advantage, and in trust for the said Mary Persons, the children she now has, and those she may hereafter have by her present husband, free from the control, or disposition of her present or future husband. To have and to hold the said bargained premises unto the said Barber, trustee, for said Mary Persons, her heirs and assigns, to her and their own proper benefit and behoof forever in fee simple." It was also proven at the trial, that the three plaintiffs were the children of Malcolm and Mary Persons, and that the oldest child was twenty-seven years of age. The court charged the jury "that under the deed from Hicks to Barber, trustee, for Mary Persons, the said Mary Persons was a tenant in common with her children, and if the jury believe from the evidence, that the said Mary Persons had three children living, then the interest of said Mary Persons in said premises, was one-fourth undivided interest." To which charge defendants excepted, and assigns the same as error.

It is insisted for the plaintiffs in error that Mrs. Persons took an absolute fee simple estate in the premises in dispute, under the deed of the 29th of November, 1854, and not a joint estate with her children as tenants in common. In our judgment, the deed from Hicks conveyed the premises in dispute to Barber, to hold the same in trust for the use, benefit

and advantage of Mary Persons and her children, including those she then had, as well as those she might thereafter have by her then present husband; that Mary Persons took only a joint interest with her children in the property conveyed. The property was conveyed to the trustee for two purposes: first, to protect the wife's interest in it against the marital rights of her husband; and, second, to hold it for the use, benefit and advantage of Mrs. Persons and her children, who were to be the joint owners of it, including such children as she might thereafter have by her then present husband, and when the objects and purposes of the trust had become executed, the *cestui que trusts* would be entitled to the possession of an equal share thereof. If there were three children, they would be entitled to three-fourths of the property, and their mother to one-fourth of it. The word heirs in the *habendum* of the deed, was intended to mean the children of Mrs. Persons, and should be so construed when taken in connection with the other words contained in it. There was no question raised on the trial that the objects and purposes of the trust had not been fully executed, or that there was anything more to be done by the trustee, which would make it necessary for him to retain possession of the property. In view of the evidence contained in the record, we find no error in the charge of the court to the jury.

Let the judgment of the court below be affirmed.