Taylor, trustee, *et al* *vs.* Dyches.

---

## TAYLOR, trustee, *et al. vs.* DYCHES.

| 69 | 455 |
| 115 | 84 |
| 69 | 455 |
| 116 | 378 |
| 116 | 381 |
| 69 | 455 |
| e124 | 153 |

1. Where one owning land sells a part of it, reserving in the deed an alley-way for the common use of the part conveyed and the part reserved, and subsequently conveys the remainder not passed by

the first deed, the right of common of easement in the way passes to the grantee in the second deed as appurtenant thereto.

(*a*.) Private ways are never presumed to be personal, when they can be construed to be appurtenant to the land. They are in the nature of covenants running with the land.

2. Even if in one of the links of the chain of title of a fœffee holding under the second grantee the conveyance excepts the alley-way, that exception will be construed, in the light of the original conveyance, not to mean an exception of the right of common in the way, but an exception of the exclusive use thereof.

September 26, 1882.

Roads. Alleys. Easements. Deeds. Title. Before Judge SIMMONS. Pulaski Superior Court. May Term, 1882.

Reported in the decision.

WATSON & JORDAN; HALL & SON, for plaintiffs in error.

L. C. RYAN; KIBBEE & MARTIN, for defendant.

CRAWFORD, Justice.

This case comes up from a decree made by the chancellor below, upon the finding of certain issues which had been submitted to a jury, touching the rights of the litigants in and to an alley-way between two adjacent land owners.

The facts necessary to a clear understanding of the question of law involved in the controversy are, that D. R. Matherson being the owner of what was known as the Hawkinsville Bank lot, sold and conveyed to Dillard & McPhail, under whom the defendants here claim, a part of said lot, and after describing it accurately in the conveyance by metes and bounds, he proceeds as follows : "The said Matherson agrees to leave for the use of the said Dillard & McPhail a portion of land on the west side of said lot, the width of eight feet, the full length of said lot, for a lane or alley to be used in common by said Matherson and Dillard & McPhail, their heirs and assigns."

Matherson afterwards sold the balance of the lot, but reserved the alley-way. The purchaser again sold and conveyed it, reciting in the conveyance that it was the Hawkinsville Bank lot "containing one-half acre, being all of said lot except 25 feet sold to Dillard & McPhail, and eight feet on west side of Dillard & McPhail reserved for an alley-way on Commerce street."

Under this chain of title the complaint in this suit holds.

Dillard & McPhail sold the lot they purchased of Mathrson to McPhail & Taylor, McPhail being one of the fœffees in the first deed, and the same person in both; but in their conveyance the lot was described as being thirty-three feet wide, which necessarily included the alley-way.

This deed was never recorded until after this litigation commenced, although it had been executed something over eighteen years.

The jury to which certain special issues were submitted, found that the defendants and those under whom they claimed went into possession of the premises in 1860, and had held peaceable possession thereof since that time, that the complainant and those under whom he holds never claimed any right to the use of the alley, but that the possession originated in fraud and was without any honest claim of right.

Under this finding, the chancellor decreed that the alley in dispute was an open way, with full right in the complainant and those claiming under him, to use, occupy and enjoy the same as a way, without let or hindrance; that the defendants remove the obstructions which they have placed upon said alley; and that they be perpetually enjoined from obstructing the same, and that it be kept open as an alley. He further decreed that the deed from Dillard & McPhail, as also those following it, so far as they conveyed the said alley-way, be, under the verdict of the jury, declared fraudulent, passing no title in law to the exclusive use by the feoffees of the said alley-way.

This decree is excepted to because it is insisted that

although the jury may have found that the defendant's twenty years possession originated in fraud, and was not under any claim of right, still the finding gives the complainant no right to pursue them. Neither can the decree be sustained by anything which appears in the deed from Matherson to Dillard & McPhail, nor in that from Matherson to the purchaser of the balance of the lot; that the word appurtenances in the latter does not convey any right to the alley, the easement not being continuous, and not arising from necessity.

We do not think that these exceptions to the decree are well taken. In the deed from Matherson to Dillard & McPhail a right of way was undoubtedly granted, reserved, or excepted by the grantor over other lands of his not therein conveyed, *to be used in common* by the grantor and grantees, their heirs and assigns. The deed conveyed twenty five feet by two hundred and ten in *fee*, and eight feet by two hundred and ten to be used in common by themselves, their heirs and assigns *as a right of way*.

Private ways are never presumed to be personal when they can be construed to be appurtenant to the land. " They are of the nature of covenants running with the land " and " a right of way appurtenant to the land is appurtenant to the whole, and every part of it, and if such land is divided, and conveyed in separate parcels, a right of way thereby passes to each of the parties." 7th Am. Dec., 619; Wash. on Eas. 232 ; 2d Wait's Act. and Def., 655-6 ; 6th *Ib.*, sec. 1st p. 348 and authorities cited.

In Huttemeir *vs.* Albro, 18 N. Y., 48, cited in 23d Am. R., 155, it was held that where a deed of conveyance described land as bounded on and by an alley-way then owned by the grantor, that an easement in the alley-way was thereby conveyed; and was so held upon what was said to have been the well settled rule, that a reference to a way owned by the grantor as a boundary gives a right of way therein. Smyles *vs.* Hastings, 22 N. Y., 217 ; Wash. on Eas., marg. p. 170.

If this be sound. law, how clearly and indisputably is the right of the complainant here to all that he claims. The alley-way of eight feet is specially provided for in the first deed to be used in common by the grantor and the grantees, and their heirs and assigns, and the reservation runs through all the deeds down to the complainant.

The right thus created passed to each proprietor, holding the adjacent or boundary land as appurtenant to it. 6 Wait's. Act. and Def. 348 ; 1st Cush., 285 ; Wash. page 32. sec. 9, p. 35; sec. 13; 10 *Ga.,* 495; 117 Mass. 371, 376.

It seems to be settled that every covenant in a grant which enlarges its extent and operation, or which qualifies it, enters into and forms a part of the estate granted and accompanies it into the hands of every one to whom it may be subsequently transferred. Carlin *vs.* Paul, 11 Mo., 32 ; Wash., marg. p. 75, sec. 48.

And from all the authorities we deduce the following principles :

1. Where a grantor owns a lot and sells a part of it, reserving an alley-way for the common use of the part conveyed and the part reserved, and subsequently conveys the remainder not passed by the first deed, the right of common of easement in the way passes to the grantee in the second deed as appurtenant thereto.

2. Even if in one of the links of the chain of title of a *feoffee* holding under the second grantee, the conveyance excepts the alley-way, that exception will be construed in the light of the original conveyance, and not to mean an exception of the right of common in the way, but an exception to the exclusive use thereof. So that, under the finding of the jury in this case, the judge committed no error in the decree which he rendered.

Judgment affirmed.