74  467
86  717
74  467
98  385

---

The Chess-Carley Company vs. Purtell et al.

Where a conveyance was made to one, as trustee for his wife and her "present heirs," the words "present heirs" were words of description as to who were to take under the conveyance, and were equivalent to saying, the children she then had; and the wife and such children took as tenants in common.

March 30, 1885.

Deeds. Estates. Title. Tenants in Common. Words and Phrases. Before Judge Hammond. Fulton Superior. Court. October Term, 1884.

To the report contained in the decision, it is only neces-

sary to add that the form of action was complaint for land; that the case was submitted to the presiding judge upon an agreed statement of facts; and that from his decision, exception was taken by defendant.

JACKSON & KING, for plaintiff in error.

HOPKINS & GLENN, for defendants.

BLANDFORD, Justice.

In 1870, one McMillen conveyed certain land to Jas. H. Purtell, as trustee for his wife, H. A. Purtell, and "her present heirs," etc. The husband died, and his wife married one Jones. Jones and wife conveyed the land to the vendors of plaintiffs in error. This action was brought by defendants in error, who are the children of H. A. Purtell, now the wife of Jones, and of James H. Purtell, deceased, and who were in being when the deed from McMillen to their father and mother was made; they claiming under this deed, as tenants in common with their mother, under the description of "present heirs." The court below held that they could thus recover, and this ruling is excepted to, and is the complaint here.

We are all quite satisfied that the ruling of the court was right. The words, " H. A. Purtell and her present heirs," are mere words of description as to who were to take, and meant H. A. Purtell and her present children. She and her children, which she then had, took this property as tenants in common. The grant was as much to her children as to herself. 14 Ala., 276; 51 Barb., 137; 14 *Ga.*, 97, 106; Code, §2757(3).

The intention of the parties to any contract is first to be ascertained, and the same is to be carried out, if there be no legal difficulty in the way. It is very manifest that the grantor intended by the use of the words, " her present heirs," the children of Mrs. Purtell, as no one can be the heirs of the living. Not to give to these words the meaning

which we impute to them would make the writing sound foolish, but to put the meaning on them which we have done is to effectuate the intention of the grantor.

Judgment affirmed.