JOHN G. LEACH & others *vs.* JOSEPH W. HASTINGS.
SAME *vs.* WILLIAM H. COWEE.

Worcester. October 4, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Deed — Reservation of Right of Way.*

A grantor, in a deed of a lot of land lying "on the southerly side" of a road, reserved a right of way "on the easterly line thereof" from the road aforesaid to his land "situated southerly of the lot of land herein conveyed," the conveyance being made upon condition that a ditch on the westerly line should be kept open to drain the grantor's "adjoining" land. *Held,* that the right of way was appurtenant only to the grantor's land lying to the south of the rear line of the lot conveyed, and not to land on the southeasterly side thereof fronting on the same road.

TWO ACTIONS OF TORT, for breaking and entering the plaintiff's close on Southbridge Street, in Warren, and passing and repassing thence to and from adjoining land, also on that street. The plaintiffs in each case were the trustees of the Methodist Episcopal Church in Warren. The defendant in the first case, who was the owner of such adjoining land, and the defendant in the second case, who was his tenant, justified under the reservation of a right of way in a deed of Nelson Carpenter, the common grantor of the parties.

The cases were tried together in the Superior Court, without a jury, before *Dewey*, J., who ruled that the defendants were not so justified, and, after a finding for the plaintiffs in each case, allowed a bill of exceptions, the material part of which appears in the opinion.

*F. P. Goulding*, for the defendants.

*W. S. B. Hopkins*, for the plaintiffs.

MORTON, C. J. Nelson Carpenter, being the owner of a tract of land in Warren, lying between Southbridge Street and Crescent Street, conveyed a part of it to the plaintiffs by a deed, in which the description is as follows: " Commencing on the southerly side of the road leading towards Sturbridge, at the northeasterly corner of land sold by Nelson Carpenter to J. W. Hastings; thence running southerly by said land lately owned by said Hastings, and land of Frederic Brigham, one hundred and thirty-three feet; thence easterly seventy feet to a stake, thence northerly one hundred and thirty-three feet to the aforesaid road; thence westerly on said road eighty-six feet to the first-mentioned bound; reserving to the said Nelson Carpenter, his heirs and assigns, the right to pass and repass, with loaded teams or otherwise, over the land herein conveyed, on the easterly line thereof, from the road aforesaid, to land of said Carpenter, situated southerly of the lot of land herein conveyed. This conveyance is made and accepted upon the express condition that grantees and their successors shall forever keep an open ditch on the westerly line of the premises herein conveyed, sufficient for the free passage of water from the land of said Carpenter adjoining."

Carpenter afterwards made a conveyance to the defendant Hastings of a lot of land adjoining the plaintiffs' lot, lying

southeasterly of it, fronting on "the road leading towards Stur-
bridge," now called Southbridge Street, and being of about the
same depth as the plaintiffs' lot. The defendants claim the
right to use the way reserved as above stated as a means of
access to this lot; and the only question in the case is whether
the right reserved to pass and repass is appurtenant to the lot
of the defendant Hastings.

It is true, as claimed by the defendants, that if, by the terms
of the reservation, the way was made appurtenant to the whole
remaining land of the grantor, Carpenter, it would remain ap-
purtenant to every parcel of it, if Carpenter afterwards divided
it into lots. *Whitney* v. *Lee,* 1 Allen, 198. *Miller* v. *Washburn,*
117 Mass. 371. But we are of opinion that this reservation
does not create a right of way which is appurtenant to the
whole of the remaining land of the grantor. It does not reserve
the right to pass and repass to the remaining or adjoining land
of the grantor, which would be the natural form of expression
if he had intended that the way should be appurtenant to the
whole of his remaining land. It reserves "the right to pass
and repass, with loaded teams or otherwise, over the land herein
conveyed, on the easterly line thereof, from the aforesaid road
to land of said Carpenter, situated southerly of the lot of land
herein conveyed," thus indicating that the way was for the
benefit, not of the whole of his remaining land, but of such
part of it only as comes within the description of his land
"situated southerly of the lot of land herein conveyed." The
lot of the defendant Hastings does not fairly come within this
description. It lies southeasterly of the front part of the plain-
tiffs' lot, but no part of it falls southerly of the whole lot.

It is clear that Carpenter, when he made his deed to the
plaintiff, did not know the exact points of the compass. He
treats the lot as lying on the southerly side of the road; he
regards the side lines as running northerly and southerly, and
the front and rear lines as running easterly and westerly. In
his mind, the lot which he afterwards sold to the defendant
Hastings was easterly, and not southerly, of the plaintiffs' lot.
When he restricted the right of way to his land situated
"southerly" of the lot conveyed, he intended to indicate the
position of such land in relation to the plaintiffs' lot, and meant

his land which was geographically situated south of the rear line of the lot. See *Cronin* v. *Richardson*, 8 Allen, 423. Other parts of the deed fortify this view. The way intended is described as a way "over the land herein conveyed, on the easterly line thereof from the road," which points to a way along the easterly line to the rear line of the lot. The deed shows, that, when the grantor intended to reserve a right or privilege for the benefit of the whole of his remaining land, he knew how to do so; as in the provision for a ditch, which is to be kept open "sufficient for the free passage of water from the land of said Carpenter adjoining," thus including the whole of the remainder of his land. It may also be noted that there was no occasion for reserving a right of way in favor of the lot of the defendant Hastings, as it had its own front upon the road.

For these reasons, we are of opinion that the defendants have not, by virtue of the reservation in question, any right of way over the plaintiffs' land, and that the ruling of the Superior Court was right. *Exceptions overruled.*