NEW ENGLAND MORTGAGE SECURITY Co. *v.* GORDON *et al.*

Where by his will a testator devised to his daughters, one of whom
had children then in life, certain described property, and in the
will also declared that "the property willed to my daughters
is to be kept for theirs and their children's own use and benefit,
free from the debts and control of any husband or person what-
ever," the legal effect of these provisions was to vest in the daugh-
ter, who then had children, and her children, an estate in common,
at least as to the use; and the portion of the estate assigned to
such daughter could neither be sold nor encumbered by her to an
extent greater than her undivided interest.

April 29, 1895. Brought forward from the last term. Code, §4271(a-c).

Levy and claim. Before Judge BUTT. Harris supe-
rior court. April term, 1894.

W. E. SIMMONS and J. H. WORRILL, for plaintiff.

J. M. MOBLEY and B. H. WALTON, *contra.*

ATKINSON, Justice.

An execution in favor of the New England Mortgage
Security Company against Mrs. Harriet E. Gordon, based
on a judgment of October 10th, 1893, was levied upon
the property involved in this controversy. A claim to
the property levied upon was interposed by and on be-
half of the children of Mrs. Harriet E. Gordon, eleven
in number. They claimed as devisees under and by
virtue of the will of their grandfather Robert Weldon,
who was the father of Harriet E. Gordon, she being
the defendant in execution and the mother of the claim-
ants. The jury found the property subject as to a one
twelfth undivided interest only. The plaintiff moved
for a new trial, which was overruled and denied by the
court below. The particular devise upon which these
claimants base their right to this estate is contained in
items 3 and 6 of the will of their grandfather, Robert
Weldon. Item 3 of the will reads as follows: "I will
and bequeath to my daughter Harriet E. Gordon, wife
of Geo. W. Gordon, lot 53, east half of lot 54, and west

half of lot 70." The 6th item is as follows: "I will and bequeath to my three children [naming them,— Harriet Elizabeth, the mother of these claimants, being one of them] all the balance of my property, both real and personal, to be equally divided between them share and share alike. The property willed to my daughters is to be kept for theirs and their children's own use and benefit, free from the debts and control of any husband or person whatever." The executor named in the will, as a part of the residue of the estate devised by the 6th item of the will above quoted, exposed for sale the property in question, and the defendant in execution became the purchaser thereof, accepting it as a part of the property devised to her by the sixth item of the will. Upon the trial of the claim case, the court charged the jury, "that under the will of Robert Weldon, Mrs. Gordon and her children were tenants in common in all the property left them; and if you believe from the evidence that the property given Mrs. Gordon, and her children paid for this land levied upon when the same was sold at executor's sale, then I charge you that all the land levied upon would not be subject; only a part would be; and in this case it is conceded that Mrs. Gordon has eleven children; then only one twelfth interest would be subject." The court further charged the jury, "that under the will of Robert Weldon, the property given to Harriet E. Gordon was also given to her children, and under the law this makes Mrs. Gordon and her children tenants in common in all the property conveyed to Harriet E. Gordon and her children." Exception is taken to this charge, and the plaintiff insists that the legal effect of the devise to the mother of these claimants was to vest in her an absolute fee, and that for this reason it was subject to the payment of the execution levied. It will be observed from the language of this will, as employed by the testator, that there was no ab-

solute devise of any portion of his property to his
daughter Harriet E. Gordon alone; for coupled with
the devise was the qualification that it should be kept
for the joint use of his daughter and her children, free
from the debts and control of any husband or person
whatever.  If there be any doubt in the construction of
this devise, that doubt arises upon the question whether
or not the testator intended to create a trust estate,
vesting in the daughter the fee to her own use and the
use of her children, or whether the effect of it was to
constitute them by the terms of the will itself tenants
in common.  At all events, by the plain language of the
devise, the testator had no intention of conveying to
the daughter an absolute unencumbered fee.  If so, he
could not have adopted language less adapted to the ex-
pression of that idea than that which he in fact em-
ployed.  Neither the context of the will, the testamen-
tary scheme manifested by the devise now under consid-
eration, nor the words of the instrument itself would seem
to indicate any such purpose upon the part of the testa-
tor, and we know of no artificial rule of construction
which would constrain us to such a conclusion.  We
think that the decisions of this court in the case of *Lee
et al* v. *Tucker et al.*, reported in 56 *Ga.* 9, and the case
of *Loyless* v. *Blackshear et al.*, 43 *Ga.* 327, adjudicate
favorably to the contention of the claimants the con-
struction which should be placed upon this will.  We
think the charge of the court was correct.  The mother
of these claimants took no interest under the will of
Robert Weldon, separate from their own.  She could
neither sell nor encumber it as her own estate, and the
verdict of the jury subjecting her interest only is all
that the plaintiff in error was entitled to have.

Let the judgment of the court below be     *Affirmed.*