McCORD, executrix, *et al. v.* WHITEHEAD *et al.*

1. Where by a will executed and probated in 1854 a testatrix devised and bequeathed her entire estate to certain named persons as trustees, upon uses and trusts declared in the following words: "In trust, nevertheless, for the uses and purposes hereinafter expressed, that is to say, in trust for the support and maintenance of my children not provided for, and to have a home for them under the supervision of my husband alone. In

trust also, that that part or portion that may be set apart for each of my daughters may be made over to trustee or trustees for each of them and their children, and not subject to the debts or contracts of said trustee or any husband with which any of them now have or may hereafter intermarry, and in the event of having no children, such as have none are authorized 'to devise it in any manner they think proper": *Held,* that the title to that portion of the estate which, under this will, went to a daughter of the testatrix and a child of this daughter who was in life at the time of the execution of the will and who survived the testatrix, vested in the daughter and this child as tenants in common.

2. Upon a bill in equity filed in 1860, the executors of an estate were removed from their trust, and it was thereupon decreed that the property in their hands be, by a receiver acting in conjunction with certain commissioners, divided among the devisees and legatees, and that the receiver "do by his deed convey to and settle the several portions of said property *delivered* to the *femmes covert* " who were parties to the bill " upon a trustee or trustees in conformity with the provisions and directions in said will contained." The decree adjudicated nothing as to the nature of the title vested by the will in any of the devisees. The receiver, in pursuance of a division made under this decree, conveyed to a trustee for one of the *femmes covert* a portion of the property and in the deed recited that it was made by virtue of the decree, " and in conformity to the last will and testament " of the deceased, but erroneously construing the will, undertook by the deed to vest the title to the property thereby conveyed in the trustee for the use of the *cestui que trust* for life, with remainder to such children as she might leave surviving her. *Held,* that the receiver had no power to convey except. in conformity to the provisions of the will, and therefore the deed made by him, even without a reformation, should not be so construed as to defeat the purpose of the will in relation to vesting the title to the property thereby disposed of, and that the only legal effect of the deed was to pass title in accordance with the provisions of the will itself.

April 27, 1896. Argued at the last term.

Equitable petition. Before Judge Reese. Warren superior court. April term, 1895.

*Charles Z. McCord* by *Harrison & Peeples, William K. Miller* and *Hamilton Phinizy,* for plaintiffs.

*Henry T. Lewis,* for defendant.

SIMMONS, Chief Justice.

By a will executed and probated in 1854, Mrs. Mary Ann Harper devised and bequeathed, to the persons named as executors therein, her entire estate, upon uses and trusts declared in the following words:

"In trust, nevertheless, for the uses and purposes hereinafter expressed, that is to say, in trust for the support and maintenance of my children not provided for, and to have a home for them under the supervision of my husband alone. In trust also, that that part or portion that may be set apart for each of my daughters may be made over to trustee or trustees for each of them and their children, and not subject to the debts or contracts of said trustee or any husband with which any of them now have or may hereafter intermarry, and in the event of having no children, such as have none are authorized to devise it in any manner they think proper."

At the time of the execution of the will, one of the daughters, Mrs. Mary Ann Whitehead, had a child, James Whitehead, who was born in 1852. In 1861, upon a bill filed by certain of the daughters of the testatrix, a decree was rendered whereby the executors were removed from their trust, and it was decreed that the property in their hands be, by a receiver acting in conjunction with certain commissioners, divided among the devisees and legatees, and that the receiver "do by his deed convey to and settle the several portions of said property delivered to the *femmes covert*" who were parties to the bill "upon a trustee or trustees in conformity with the provisions and directions in said will contained." The property was divided accordingly, and the receiver executed to James Troup Whitehead, the husband of Mary Ann Whitehead, as trustee for her, a deed reciting that it was made by virtue of the decree "and in conformity to the last will and testament" of the deceased, and purporting to convey a certain portion of the property to the trustee for the use of the *cestui que trust* "for life, and if she should die leaving issue, to be

divided among her children or their representatives, and in case she should have no children, to devise it in such manner as she might see proper." In 1863, the trustee sold this property, under an order of court granted upon his *ex parte* petition, and executed to the purchaser a deed which purported to convey the title in fee simple. In 1891, Z. McCord, a successor in title to the purchaser, died in possession of the property, and shortly thereafter his executrix, Mrs. Harriet A. McCord, and the Georgia Building and Loan Association, to the latter of whom he had conveyed the land as security for a debt, filed their petition in the superior court of Warren county against James Whitehead, in which the facts above stated were set out, and in which it was alleged, among other things, that the plaintiffs and their privies in estate had been in open, uninterrupted, continuous, peaceable and undisturbed possession for over thirty years; that their title had been unimpugned and unquestioned until within the last two years, when James Whitehead had set up a claim on his own behalf; that he sets up the same under the *habendum* clause of the receiver's deed, averring that he is not bound by the sale under the deed from his father, James T. Whitehead, trustee, above mentioned; that the receiver's deed, properly construed, conveyed an estate similar to that devised by the will, and not that claimed by Whitehead; that the devise created an estate tail in his mother, which by law was converted into a fee simple, or if not a fee simple in her, then she and her son took as tenants in common, with the title in said trustee to hold for her until it was executed by the married woman's law of 1866, and for James Whitehead until he reached his majority; that if Mrs. Whitehead took as a tenant in common with her son, her interest as such passed to the purchaser under the trustee's deed, and the interest of the son also passed by the same deed, he being a minor at the time and represented by the trustee, and if it did not pass thereby, he has long since

become barred; and that the receiver's deed is,. in the *habendum* clause, in conflict with the terms and provisions of the will, in violation of the order appointing the receiver, and has . never been approved by the court appointing him.   It was alleged that said claim of James Whitehead disturbed and disquieted the title of plaintiffs, and cast a cloud thereon and rendered the property unsalable, etc.    The petitioners prayed for the . reformation of the receiver's deed, the removal of the cloud upon their title, and other equitable relief.   A demurrer to the petition was sustained by the court below, upon the ground that Mrs. Whitehead, the mother of the defendant, took a life-estate, remainder over to the defendant should he survive his mother.   To this ruling the plaintiffs excepted.

1.  A devise to a parent and to his or her children, there being a child in life at the date of the will and at the time of the testator's death, creates an absolute estate in fee in the parent and the child in common.   (See *Loyless* v. *Blackshear*, 43 *Ga.* 327; *Lee* v. *Tucker*, 56 *Ga.* 9; ·*Chess-Carley Co.* v. *Purtell*, 74 *Ga.* 467; *Ewing* v. *Shropshire*, 80 *Ga.* 384, 385; *Baird* v. *Brookin,* 86 *Ga.* 709; *New England Mortgage Co.* v. *Gordon*, 95 *Ga.* ·782; 3 Jarman on Wills (Randolph & Talcott ed. 1881), pp. 174, 180, and cases cited.)   It was contended, however, that "the superadded words defining what was to become of the property if there were no children, imply a fee in remainder in the children if any."    Estates by implication are not favored, and every conveyance should be construed to convey the fee unless a less estate is mentioned and limited. "The law inhibits the construction of lesser estates where no words of limitation are used,  .  .   and where no such intent appears by clear and necessary words in the instrument."    Here we have a will providing for a daughter and her child in terms which, in the absence of anything further, would create in them a fee simple estate in common; and this is followed by the grant of power to such as

have no children to dispose of their portions by will. Why this should reduce the estate of the daughter who had a child, and that of the child, to a life-estate in the daughter with remainder to the child, we are unable to see.

In support of the contention above stated, we were referred by counsel to the following cases: *Benton* v. *Patterson et al.*, 8 *Ga.* 146; *Kemp* v. *Daniel, Id.* 385; *Carlton* v. *Price*, 10 *Ga.* 495; *Jones* v. *Jones*, 20 *Ga.* 699; *Burton* v. *Black*, 30 *Ga.* 638; *Wetter* v. *Cotton Press Co.*, 75 *Ga.* 540; *Bray* v. *McGinty*, 94 *Ga.* 192. In each of these cases, however, the will expressly provided for a remainder or other limitation over. At the time the will now before us was executed, it was quite common, in view of the restrictions which the law then placed upon married women, to annex to the devise of an estate in fee to a woman, the power to dispose of it by will; and so far from operating as a limitation, this was not only consistent with, but was regarded as indicative of, an intention to create an estate in fee. See *Cook* v. *Walker*, 15 *Ga.* 458; *Wetter* v. *Walker*, 62 *Ga.* 144. In 4 Kent's Com. 319, it is said: "If an estate be given to a person generally, or indefinitely, with a power of disposition, it carries a fee; unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion."

Nor can any implication that less than a fee is given to the daughters having children, be drawn from the fact that the power to devise is given only to such as have no children. The reason for this omission in the case of such as have children, is explained by the fact that in the part or portion set apart to such a daughter and her children, the children had an interest which their mother could not devise. We think it is apparent from the language of the will that the testatrix intended to provide directly for her grandchildren as well as her daughters, and that her grandson, James Whitehead, who, as we have already said, was in

life at the date of the will, took an estate in common with his mother.

2. The decree rendered on the bill filed in 1860 adjudicated nothing as to the nature of the title vested by the will in any of the devisees. It provided simply for the removal of the executors from their trust, and that the property in their hands be divided by the receiver and certain commissioners, and that the receiver "do by his deed convey the title and settle the several portions of said property *delivered* (not "devised," as stated in the argument for the defendant in error) to the *femmes covert*" who were parties to the bill, "upon a trustee or trustees *in conformity with the provisions and directions in said will contained.*" The receiver, therefore, in conveying the property to the trustee had no power to depart in any respect from the will itself; and the receiver's deed, which recites upon its face that it is made by virtue of the decree and "in conformity with the last will and testament of the deceased," is to be construed in conformity therewith, and not so as to defeat the purpose of the will in relation to the vesting of the title of the property thereby disposed of. The deed was merely a ministerial act, and is to be referred to the power under which it was executed, and could have no validity in so far as it departed from the terms of the power. Its legal effect therefore was to pass the title in accordance with the provisions of the will itself. The error appearing upon the face of the instrument itself, the question is not one of mistake but of construction, and reformation is unnecessary.

The interest of the defendant in the land conveyed by the receiver's deed being therefore an estate in common, his right to recover the same was barred long before the petition in this case was filed. *Edwards* v. *Worley*, 70 *Ga.* 667; *Lee* v. *Ogden*, 83 *Ga.* 325; *Cain* v. *Furlow*, 47 *Ga.* 674.　　　　　　　　　*Judgment reversed.*