CHEWNING *et al. v.* SHUMATE *et al.*

1. Where a will which was probated in 1870 devised certain realty to the testator's wife for life, provided that at her demise the property should be equally divided among the testator's three daughters and two grandchildren, and declared, "The property given to my three daughters

named above is for their own use and the heirs of their bodies, and if any of them should die without leaving any children, my will is that their part of my estate be equally divided among my other legatees, and in no case is any to be taken to pay their husbands' debts; and furthermore my will is that if my two grandsons named above should die in their minority, that their portion of my estate revert back to my other legatees:" *Held,* that each daughter took a vested remainder in fee in her share of the estate, subject to be divested by her dying without leaving issue.

2. This case upon its facts is controlled by the law as above announced, and there was no error in granting a nonsuit.

Argued January 31, — Decided March 15, 1899.

Complaint for land. Before Judge Candler. DeKalb superior court. February term, 1898.

*Alonzo Field* and *J. N. Bateman,* for plaintiffs. *Candler & Thomson, J. N. Glenn* and *Jones & Morrison,* for defendants.

SIMMONS, C. J. 1. Perkins made and executed a will which was probated in 1870. By that will he devised and bequeathed his whole estate to his wife for and during her natural life, and after her death to his three daughters and two grandsons, the will declaring: "The property given to my three daughters named above is for their own use and the heirs of their bodies, and if any of them should die without leaving any children, my will is that their part of my estate be equally divided among my other legatees, and in no case is any to be taken to pay their husbands' debts; and furthermore my will is that if my two grandsons named above should die in their minority, that their portion of my estate revert back to my other legatees." It appears from the record that one of these three daughters was Mrs. Ayers, who died before the death of her mother, the life-tenant, leaving several children. The record further discloses that Mrs. Ayers, during her life, sold and conveyed her interest in the land to Shumate, one of the defendants in the present case. The petitioners alleged that they were the children of Mrs. Ayers and entitled to recover an undivided interest in the land devised to her.

Under the terms of the will, as above set out, each of the daughters of the testator took a vested remainder in the estate of their father, subject to be divested by her death without leav-

ing issue. The words "and the heirs of their bodies" are words of limitation and not of purchase. Mrs. Ayers, being one of the daughters and having a vested remainder in the land, had the right to dispose of her remainder as soon as the will went into effect. The question as to the meaning of "bodily heirs" and such expressions in such a will as this has been so often discussed by this court that we deem it unnecessary to do more than refer to the able discussion and reasoning of Mr. Chief Justice Bleckley in the case of *Ewing* v. *Shropshire*, 80 *Ga.* 374, where he deals, in part of his opinion, with the identical question now before the court, and decides that these words are words of limitation and not of purchase, and that the first taker takes an absolute fee. See also the cases of *Whatley* v. *Barker*, 79 *Ga.* 790; *Craig* v. *Ambrose*, 80 *Ga.* 134; *Griffin* v. *Stewart*, 101 *Ga.* 720.

2. The above being the controlling question in the case and it following therefrom that the plaintiffs had no right to recover, it is unnecessary to rule upon the other questions made in the record. The grant of a nonsuit was right, even considering the evidence which was ruled out.

*Judgment affirmed. All the Justices concurring.*