PHILLIPS *et al. v.* LOWTHER, executor.

FISH, J.  Where a testator directly devised and bequeathed to two minor grandsons described realty and personalty "to be equally divided between" them, and in his will directed that "if either of them should die without children or the descendants of children, then his part shall go to the survivor or his children or descendants of children, but if neither of them should leave any child or descendants of children, then said property" to revert to the testator's estate ; and where two named persons· were by the will "appointed guardians and trustees of the property hereby bequeathed to" the grandsons, the will, however, not imposing upon them any duties, the intention was to make these persons trustees of the estate which the grandsons took under the will, and the trust thus· created became executed on the arrival of both grandsons at majority. This being so, the trustees so appointed were not necessary parties to an action subsequently instituted by one of the grandsons against the legal representative of the other, who had died, for the recovery of property, which the latter in his lifetime had received under this provision of the· will.

The court erred in dismissing the action for want of proper parties.

*Judgment reversed.     All the Justices concurring.*

Argued April 27,—Decided July 13, 1900.

Complaint.   Before Judge Janes.   Polk superior court. August term, 1899.

*J. B. Conyers* and *Neel & Neel*, for plaintiffs.

*F. A. Irwin* and *W. C. Bunn*, for defendant.