## KINARD v. HALE, administrator.

A devise in a will (executed in 1860) to J. in fee simple, "and should·my son J. die without leaving any child or children, the above-described property is to revert back to my estate to be sold and equally divided amongst the legal representatives of my estate who may then be living," conveys to J. an estate in fee, defeasible on his dying childless. Upon the death of J. without child or children, the property passes to those who answer the description in the executory devise.

Submitted April 24,—Decided June 14, 1907.

Complaint for land. Before Judge Reagan. Pike superior court. April 4, 1906.

W. W. Lambdin and Samuel Rutherford, for plaintiff.

John F. Redding, for defendant.

EVANS, J. Mrs. Lucy J. Kinard brought complaint for land against S. J. Hale, administrator de bonis non cum testamento annexo of Sherod Sims, deceased. The premises in dispute belonged to Sherod Sims at the time of his death, and were devised by the seventh item of his will, executed in 1860, which reads as follows: "To my beloved son, Jasper Sims, I give, devise, and bequeath lot of land No. 2 and ten acres of lot of land No. 1, as follows [describing it], the above described land lying and being in the third district of originally Monroe, now Pike County, with all the rights, members, and appurtenances to all of said land in anywise belonging, forever in fee simple; also my negro boy John and my boy Charles; the property described and named in this article to remain in the hands or under the control of my son Sherod S. Sims as trustee for my son Jasper; and should my son Jasper die without leaving any child or children, the above-described property is to revert back to my estate to be sold and equally divided amongst the legal representatives of my estate who may then be living." Jasper Sims died without leaving children or representatives of children, after having conveyed the land to Mary A. Sims, under whom the plaintiff claims. It is therefore apparent that the plaintiff is not entitled to recover the land unless Jasper Sims took an absolute fee-simple estate therein by the terms of the will of his father, Sherod Sims.

Many early cases are cited by the plaintiff in error as upholding the construction that this item of the will created an estate tail by implication, which, by the act of December 21, 1821 (Civil

Code, §3085), was converted into a fee-simple estate in the first taker. At common law a devise to A, and, in case of his death without issue, to B, was a devise limited upon an indefinite failure of issue; which, under the English rules of interpretation, created an estate tail by implication under the statute de bonis. An executory devise which was limited upon words importing an indefinite failure of issue of the first taker was void for remoteness. *Hertz* v. *Abrahams,* 110 *Ga.* 707. But since the act of 1854 (the essential features of which are embodied in the Civil Code, §3086), in all wills and other instruments by which property is limited over, so as to vest in some other person after the death of the first taker upon his dying without issue, such limitation shall be construed to mean a definite failure of issue, that is to say a failure of issue at the time of the death of the first taker. As the testator died in 1863 and his will then became effective, the devise must be construed by the rules of law as modified by the act of 1854. *Sutton* v. *Chenault,* 18 *Ga.* 1; *Loflin* v. *Murchison,* 80 *Ga.* 392. So that, even under the technical rule of construction invoked by the plaintiff in error, the executory devise over after the death of Jasper Sims was not void for remoteness, and Jasper Sims did not take an unconditional and absolute fee-simple estate in the land devised.

Let us now examine the will to ascertain the testator's intent. No precedent need be invoked to establish the cardinal rule that in the construction of a will the intent of the testator, as disclosed in the will, when not in opposition to the law, should be given full effect. This item of the will clearly and unmistakably indicates a testamentary purpose that the estate devised to Jasper Sims should be subject to be defeated upon his dying childless. The fee which the devisee took in the land was a qualified or base fee; because there was a qualification annexed thereto that if he died without children it was to go over by way of executory devise to the others named in this item of the will. *Hill* v. *Alford,* 46 *Ga.* 251. As was observed in *Hill* v. *Terrell,* 123 *Ga.* 57, "this court has held, with great uniformity, that unless there be something to indicate a contrary intent on the part of the testator, a devise or bequest to a named person, followed by a provision that if he shall die childless, the property shall pass to some other person, conveys to him a fee, subject to be divested upon his dying childless, or,

as it is sometimes called, a base or qualified fee." The estate devised to Jasper Sims was a fee, defeasible upon his dying without child or children. · Gibson v. Hardaway, 68 Ga. 370. The title · of the grantees of Jasper Sims was divested by his death without children, and the plaintiff was not entitled to recover the land.

Judgment affirmed. · All the Justices concur.