# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## MARCH TERM, 1917.

### BROWN v. LANE et al.

1. A devise to certain children of the testator, and "should either of my children die after receiving their portion of my estate, and leave no heir, in that case the property rec'd from my estate must be returned to be divided between my other children," conveys a fee in the share devised to each child, defeasible on death without children, with a limitation over to the testator's other children.

2. The word "heir" in the quoted item of the will means lineal heir or child; and upon the death of a child of the testator without children, the estate devised to such child terminated.

3. In the same item the testator used language expressive of his intent that in the event of the death of his children without children, "their portion rec'd from my est. be returned and divided amongst the remaining children of the six hereinbefore named." Construing the devise as a whole, an estate in fee was given to each child, subject to be divested on the death of such child without children, with a limitation over by way of executory devise to the surviving children of the testator. Upon the death of the last child of the testator without children, the share devised to that child, in the absence of any devise of a residuum by the testator, reverted to the heirs of the testator.

MAY 15, 1917.

Ejectment. Before Judge Park. Baldwin superior court. January 14, 1916.

*Allen & Pottle,* for plaintiff in error.　*Sibley & Sibley,* contra.

EVANS, P. J. The action was in ejectment by Leonard Lane and others, against O. E. Brown. The title of the plaintiffs was based on these facts: S. H. Lane Sr. died in possession of a large tract of land, which included that in controversy. He left a will, executed in 1872, the material parts of which are: "It is my will and desire that all my real est. be sold by my executors at a time that

1

they may think best, and privately, and on such terms as may be thought best. . . It is my will that the money arising from the sale of the above-named property be equally divided between my children, including my beloved wife, Sarah Lane, during her natural life; after death her part to revert to my estate and be divided amongst my children. Should either of my children die after receiving their portion of my estate, and leave no heir, in that case the property rec'd from my estate must be returned to be divided between my other children. I do hereby will that John and Henry Lane each pay to the other children two hundred dollars. This is in consequence of what I have given them, the said John and Henry, heretofore. Be it understood and I hereby will it so, that in consideration of what I have done for my son M. D. Lane, that he is to have no further part of my estate, as I conceive he has already in various ways rec'd his full share. . . Be it hereby understood that my daughter M. D. Andrews is not included with my six youngest children, from John down, in the distribution of my estate, as I have given her her share heretofore. It is my will and hereby so decree it, that in case of my wife's death, or either of my six youngest children dying, that their portion rec'd from my est. be returned and divided amongst the remaining children of the six hereinbefore named." The land was divided and lot number three (that in controversy) was assigned to the testator's daughter, Mrs. Fannie Bonner. This daughter died childless, and she was the last surviving child of the testator. Only three of the testator's children died leaving children. One of them was S. H. Lane Jr., and the plaintiffs are his heirs at law, and there has been no administration on his estate. On this evidence the court ruled that the plaintiffs were entitled to recover an undivided third interest in the premises, and accordingly directed a verdict in their favor.

1. Where there is no contrary intent indicated by a testator, a devise to a named person, followed by a provision that if he should die childless the property shall pass to some other person or persons, conveys to him a fee, subject to be divested upon his dying childless. *Gibson* v. *Hardaway, 68 Ga.* 370; *Kinard* v. *Hale, 128 Ga.* 485 (57 S. E. 761). Mrs. Fannie Bonner was a daughter of the testator, and the estate devised to her was a fee defeasible upon her dying without child or children.

2. The provision in the will, that "should either of my children die after receiving their portion of my estate, and leave no heir, in that case the property rec'd from my estate must be returned to be divided between my other children," is a limitation over by way of executory devise, upon the death without heirs of a child, of such deceased child's share or portion to the other children of the testator. *Burton* v. *Black,* 30 *Ga.* 638. The testator used the word "heir" in the sense of lineal heir, for the reason that the limitation over is to brothers and sisters, who would have been heirs, if the particular child should have died without children or descendants of children. Mrs. Bonner died childless, and the condition prescribed by the testator for the defeat of her estate in the share given to her and for the vesting of the estate devised to the executory devisees in remainder has happened.

3. Mrs. Bonner survived the other children of the testator; and we will now inquire in whom the title of her share of the land vested on her death without children. Her share could not descend to her heirs, because the devise to her expressly provided that her estate would be defeated by her death without children, and because of the testator's declaration that the share devised to her, upon her dying without heirs (meaning lineal heirs), "must be returned to be divided between my other children." One of two results must follow: either (1) the children of the testator's children must take as immediate devisees, or as heirs of their respective parents on the basis that the limitation over was to children of the testator in esse at the death of the testator; or (2) there must be a reversion to the testator's heirs. Grandchildren of the testator can not take as immediate devisees, because the devise is to the testator's children, and the will does not indicate the testator's intent to be that this devise shall include his grandchildren. *White* v. *Rowland,* 67 *Ga.* 546 (44 Am. R. 731) ; *Fulghum* v. *Strickland,* 123 *Ga.* 258, 260 (51 S. E. 294). In order for the children of the testator's children to succeed by inheritance to the respective shares in remainder of their deceased parent, the testator's devise in remainder to his children must be construed as meaning that upon failure of issue of any children, the part devised to that child was to pass to his other children, or, in case of the prior demise of any child, to that child's children. If this had been the testator's intent, it would have been so easy and natural for him to have added to the description of

the devisees in remainder the words, "or representatives of children." The language of the will dispositive of the remainder upon the defeat of the primary estate devised to his children negatives such an intention. The testator declared "that in case of my wife's death, or either of my six youngest children dying, that their portion rec'd from my est. be returned and divided amongst the *remaining* children of the six hereinbefore named." Here we find a definite exclusion of the testator's grandchildren as participating in the remainder over to *remaining* or surviving children of the testator. Hence, we must conclude that the limitation over to the testator's children upon the death of one of his children without issue was to children of the testator in life when the executory devise took effect as an estate in possession. This being the case, as Mrs. Bonner was the last one of the testator's children to die, her share of the estate fell into the residuum of the testator's estate; and as the will did not purport to devise any residuum, the title reverted to the testator's heirs. The admission in the record is that only three of the testator's children died leaving children, and that the plaintiffs are the children and sole heirs at law of one of them. The plaintiffs thus are entitled to an undivided one-third of Mrs. Bonner's share, and the court did not err in directing a verdict accordingly.

*Judgment affirmed. All the Justices concur.*