## CURLES *et al. v.* WADE & BRIMBERRY *et al.*

Where a father died in 1897, leaving a will dated March 9, 1894, in which he devised land to his son, directing that the property "belong and the title vest in my son, . . immediately after my death; but if he should die without a child or children, then in that case the above-described property be divided equally among my nieces and nephews," and further directed that the land "be held in trust for said [son], by my brother [named] until my son becomes thirty (30). years of age," *held:*

1. The son took a qualified or base fee, defeasible on his dying without a child or children.
2. The trust created for the son became executed on his arrival at the age of twenty-one years.
3. Nephews of the testator, having no vested interest, could not have timber-cutting restrained by injunction until the birth of a child to the testator's son.
4. It was not error to refuse to enjoin against waste by the testator's son or by persons acting under valid contract from him.

No. 2115. FEBRUARY 17, 1921.

Petition for injunction. Before Judge Harrell. Mitchell superior court. May 15, 1920.

The will of James Jones, dated March 9, 1894, provided in the first item as follows: "I give, bequeath, and devise to my son, Geo. Grover Jones, the following property, to wit: [describing, among other things, three lots of land, which form the subject-matter of this suit]. It is my will that all the above property belong and the title vest in my son, Geo. Grover Jones, immediately after my death; but if he should die without a child or children, then in that case the above-described property be divided equally among my nieces and nephews." The fourth item provides: "It is my will that all the land given to my son Geo. Grover Jones be held in trust for said George Grover Jones, by my brother, A. H. Jones, until my son becomes thirty (30) years of age." James Jones died in 1897. On June 17, 1915, Grover C. Jones by his guardian, and D. B. Davis and A. H. Jones as executors of the will of James Jones and as testamentary guardians of Grover C.

Jones, granted to Stripling & Ledbetter the right to cut and remove from the land " the pine-timber suitable for sawmill purposes and for cross-tie purposes and for wood purposes and for other purposes similar thereto, growing, which measures 12 inches in diameter, two feet above the level of the ground." On December 18, 1915, a similar grant was made by the same persons to Wade & Brimberry, covering all the other timber on the property. On December 21, 1916, Grover C. Jones, D. B. Davis, and A. H. Jones as executors of the estate of James Jones, and A. H. Jones as trustee for Grover C. Jones, conveyed the land by deed to T. W. Curles. On December 11, 1916, fourteen of the nephews and nieces of James Jones joined in a deed conveying to Curles whatever interest they might have in the property. The timber grant to Stripling & Ledbetter was transferred, on June 10, 1919, to Curles. On June 26, 1919, Curles filed a petition against Wade & Brimberry, a partnership, and the individual members thereof, alleging: that they had entered and begun cutting and removing the timber measuring less than twelve inches in diameter two feet above the level of the ground; that Grover C. Jones had no right to convey the land or timber unless and until he had a child, and upon his failure to have a child the title would vest after his death in the nephews and nieces of James Jones; that the acts of Wade & Brimberry constituted a trespass against petitioner, who is the absolute owner of the land and timber thereon; that the defendants are insolvent, and unless they are restrained by injunction from cutting and removing the timber he will suffer irreparable loss and damage; and that the damage already done amounts to $1000. The prayers were, for injunction, and for judgment for the amount of damage already done. Upon the hearing the following facts were agreed upon: George Grover Jones was the same person as Grover C. Jones; he is living and married, but has never had any child; he was sui juris at the time of the execution of the timber leases mentioned. The plaintiff bought the land and acquired the transfer of the Stripling & Ledbetter lease after the lease to Wade & Brimberry had been recorded, and with knowledge of it. Dink, Roy, and Gus Jones, minors, intervened through their next friend, alleging that as nephews of James Jones they had an interest in the property, contingent upon George Grover Jones dying childless; and that they cannot maintain an action

for waste. They prayed that the defendants be enjoined until the happening of the event which would remove the contingency, the birth of a child to George Grover Jones; and that they be permanently enjoined in the event he should die without having had a child. The court refused to grant an injunction, and the plaintiffs excepted.

*E. E. Cox,* for plaintiffs.

*Peacock & Gardner* and *E. M. Davis,* for defendants.

GILBERT, J. 1. The words in the first item of the will vested in George Grover Jones an estate in fee simple, defeasible upon his dying without a child or children. *Gibson* v. *Hardaway,* 68 *Ga.* 370; *Daniel* v. *Daniel,* 102 *Ga.* 181 (28 S. E. 167); *Chewning* v. *Shumate,* 106 *Ga.* 751 (32 S. E. 544); *Hill* v. *Terrell,* 123 *Ga.* 49 (51 S. E. 81); *Kinard* v. *Hale,* 128 *Ga.* 485 (57 S. E. 761); *Nottingham* v. *McKelvey,* 149 *Ga.* 463 (100 S. E. 371); *Slappey* v. *Vining,* 150 *Ga.* 792 (105 S. E. 353); and see, for general discussion of similar cases, *Hertz* v. *Abrahams,* 110 *Ga.* 707 (36 S. E. 409, 50 L. R. A. 361); Anderson *v.* United Realty Co., 79 Ohio St. 23 (86 N. E. 644, 51 L. R. A. (N. S.) 477, 494, note).

2. The trust created for George Grover Jones became executed on his arriving at the age of twenty-one years, which, under the agreed statement of facts, he has attained. *Hollis* v. *Lawton,* 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114); *Phillips* v. *Lowther,* 111 *Ga.* 852 (36 S. E. 596).

3. Intervenors had no vested interest in the property, and were not entitled to the relief sought by them.

4. Having held that George Grover Jones, under the will of his father, took a qualified or base fee in the land, it follows that the court did not err in refusing to interfere by injunction to restrain waste by him or by those proceeding under valid contract authority from him. *Matthews* v. *Hudson,* 81 *Ga.* 120 (7 S. E. 286, 12 Am. St. R. 305).

*Judgment affirmed. All the Justices concur.*