## OLIVE *v.* McCOY.

Where one is in possession of land, having a base or qualified fee therein, and represents to one desiring to purchase the same that he has a perfect title to such property and a fee-simple title to the same, and the purchaser, not knowing of any defect in the title but relying entirely upon the representations, buys the property and pays the purchase-money therefor to the vendor, and the latter executes a warranty deed conveying the property in fee simple, the purchaser may, if he acts with due promptness upon the discovery that the vendor did not have such title as he represented it to be, maintain an equitable petition for rescission of the trade and recovery of the purchase-money paid.

No. 5984.    MARCH 2, 1928.

Equitable petition. Before Judge McLaughlin. Talbot superior court. April 2, 1927.

*John A. Smith,* for plaintiff in error.

*George P. Munro,* contra.

BECK, P. J.    H. T. McCoy brought his petition against Mrs. M. D. Olive, alleging that on January 11, 1927, he went to see the defendant for the purpose of purchasing a certain described lot of land; and that in discussing the sale of the property petitioner asked defendant if she had a good title to the property, and she assured him that her title was perfect, and that she derived her title from the will of Mrs. E. T. Sheridan, who devised the property to her in fee simple. Petitioner knew nothing of the defendant's title, but relied "entirely upon her assurances that she had a good title and could convey to him a perfect title in case he made the purchase." They agreed upon a price of $1800 for the property, and this amount McCoy paid. Mrs. Olive executed a warranty deed conveying the property to him in fee simple. In buying the property he relied absolutely on Mrs. Olive's representations to him; that is, that she "had a good and perfect title to said property." Subsequently he investigated the title, and discovered that she had not a fee-simple title thereto, "but only a life-estate." The

Vendor and Purchaser, 39 Cyc. p. 1406, n. 6; p. 2006, n. 64.

provision of the will under which the defendant acquired title is as follows: "I give, bequeath, and devise at my death, to my niece, Mary D. Olive, lot No. 2, block 24, in the first addition to and of what is known as East Highlands, 1304 19th Street, Columbus, Georgia, of said county and State; and I hereby direct that if said Mary· D. Olive has no bodily heirs, at her death said property is to revert to Walter Warthen." When petitioner discovered that the defendant had only a life-estate in the property, he offered to rescind the trade and demanded the repayment of the $1800 purchase-price. This the defendant refused. She still has the $1800, and is insolvent. The prayers are for rescission of the contract, and for injunction to prevent the defendant from disposing of the $1800 paid her and in her possession. The defendant filed demurrers, which were overruled, and she excepted.

We are of the opinion that the court properly overruled the demurrers. Conceding that the allegations in the petition that the vendor of the property had only a life-estate therein are erroneous, nevertheless she did not have such a title as she claimed to have when she made the representations to the purchaser of the character of the estate which she derived from the will. Her representations were that she had a perfect title—a fee-simple title to the property; and relying upon these representations the plaintiff made the purchase and paid the $1800. Conceding that the vendor did not take merely a life-estate in the land, as the demurrant contends, at most she merely had a base or qualified fee. She certainly did not have a perfect fee-simple title. Under the allegations in the petition, the consent of the plaintiff to the contract of sale was obtained by fraud. If the vendor knew that her statements about the property were false, she was guilty of actual fraud. If she did not know that her statements were false, nevertheless she was guilty of such legal fraud as to void the trade. "Fraud may exist from misrepresentation by either party, made with, design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false." Civil Code, § 4113. The court· did not err in overruling the demurrers, and in refusing to dismiss the petition. If the plaintiff sustains his allegations by proof, he is entitled to a decree rescinding the contract, and should recover the purchase-price paid.      *Judgment affirmed. All the Justices concur.*