McCOY *v.* OLIVE.

No. 6808. MAY 15, 1929.

*George P. Munro,* for plaintiff.
*John A. Smith,* for defendant.

HILL, J. H. T. McCoy brought a petition against Mrs. Mary D. Olive for rescission of a contract of purchase of a house and lot. On the trial of the case the plaintiff introduced evidence in sup-

port of his petition; and after argument the presiding judge, on motion of defendant's counsel, directed a verdict for the defendant, and entered a judgment denying plaintiff's right of recovery. The plaintiff excepted on the grounds that there were issues of fact which should have been submitted to the jury, that there was no evidence to support the verdict directed, and that the verdict should have been directed for the plaintiff. On the trial H. T. Mc-Coy testified: "I am the plaintiff, and I know Mrs. Mary D. Olive. I went from Columbus to Talbotton to see her in January, 1927, to buy her house and lot in Columbus, Georgia. I asked her if she could make me a clear title, and she said she could. She said that she had a good title and would make me one. I knew nothing about what kind of a title she had, and I relied entirely upon her representation. I paid her $1800 and bought her house and lot in Columbus, Georgia, on her representation that she had a good title to the property and could make me a good deed." On cross-examination, he testified: "After I accepted Mrs. Olive's deed I had an offer for the property, and I found that I could not get the title approved. I went back to Talbotton to see Mrs. Olive, and she proposed to me that she would get her father, Walter T. Worthen, to make me a deed, and I told her that if his deed would give me a good title that I would accept it and would retain the property." Plaintiff tendered in evidence a deed dated January 18, 1927, executed in Talbot County, Georgia, witnessed by John A. Smith and T. A. McDowell, notary public, and recorded in the clerk's office on January 27, 1927, in Columbus, Georgia, in deed book 72, folio 57, consideration $5, and conveying to H. T. Mc-Coy, his heirs and assigns, all the right, title, interest, claim or demand the said Walter T. Worthen has or may have had in and to all that lot and parcel of land situate, lying, and being in Muscogee County, Georgia, and more particularly described as follows: Lot No. 2 in Block numbered 24, in the First Addition to and of what is known as East Highlands, in the City of Columbus, Georgia as shown by a map of part of said Addition made by Josiah Flournoy, civil engineer, on July 2, 1888, said lot fronting 50 feet, more or less, on A Street, and running back 142-1/2 feet, more or less, to an alley in the rear, together with all improvements thereon. Said deed being a quitclaim deed, and being the same property in controversy. Plaintiff testified: "I accepted the

Worthen deed on condition that if it gave me a perfect title I would not contend for a rescission of the sale with Mrs. Olive. I brought my suit against Mrs. Olive for the reason that I did not consider that Mr. Worthen's deed made me a good title to the property. When I demanded the rescission Mrs. Olive refused to rescind, and I brought suit immediately. I acted promptly on discovering that I did not have a good title in demanding a rescission of the contract from Mrs. Olive, and I proposed to her to make her a deed to the property that I had bought from her, provided she would return my $1800, and she refused my proposition. At the time I bought this property from Mrs. Olive, and at this time, she has two minor sons." Plaintiff introduced in evidence a certified copy of the last will and testament of Elizabeth T. Sheridan, which was probated in the court of ordinary in Muscogee County, Georgia, on October 10, 1919. It was admitted that Mrs. Mary D. Olive derived her title under said will. Item 2 of said will contains the following clause: "I give, bequeath, and devise at my death to my niece, Mary D. Olive, lot No. 2, Block 24, in First Addition to what is known as East Highlands, 1304 19th Street, Columbus, Georgia, in said county and State; and I hereby direct, if said Mary D. Olive has no bodily heirs at her death, said property is to revert to Walter T. Worthen." Plaintiff offered in evidence warranty deed from Mrs. Mary D. Olive to H. T. McCoy, dated January 11, 1927, and conveying for a consideration of $1800 the property in controversy.

The plaintiff filed his petition for cancellation of his contract with the defendant, on the ground that he was defrauded by the defendant; that the defendant represented to plaintiff that she had a good title to the property and that her deed would convey to him a good and valid title. The allegation on this point in paragraph 5 of the petition is as follows: "That when he [plaintiff] found that under the will, wherein the defendant held the property in controversy, she only had a life-estate, he immediately went to Talbotton and called on her [defendant] and told her that she had misled him, and that he had found from the will that she only had a life-estate in said property, and that under the terms of the will her two minor children at her death would be entitled to the property, and offered to rescind the trade with her by making her a deed of reconveyance to the property in controversy,

and receiving from her the $1800 which he had paid her for same. Petitioner says that defendant refused to rescind said trade, and refused to pay him back the $1800 which he had paid her for the property, and refused to accept from him a deed of reconveyance to the same; . . that under the terms of the Sheridan will, defendant did not own the property in controversy in fee simple, but only has a life-estate in the same, and that her representation which was relied on by him, that she could make him a good and perfect title to the property, was untrue, and in deeding him said property, when she knew that he had relied entirely upon her representation, was a fraud upon him, and that the fraud committed upon petitioner by defendant is such that a court of equity will permit and order the sale rescinded and require the defendant to pay back to your petitioner the sum of $1800 and receive from him a deed to said property." This case was formerly before this court on exceptions to the overruling by the trial judge of a demurrer filed by Mrs. Olive. *Olive* v. *McCoy*, 166 *Ga.* 113 (142 S. E. 538). This court held that Mrs. Olive had a base or qualified fee in the land in controversy. On the trial of the present case the plaintiff offered in evidence item 2 of the will of Elizabeth T. Sheridan, under which the defendant claimed title to the property. Item 2 of the will is set out above. The plaintiff also introduced in evidence a quitclaim deed from Walter T. Worthen to the plaintiff to the property in controversy; and evidence that there are two minor children of Mrs. Olive now living. It will be noted that the will does not declare that at the death of testatrix leaving "bodily heirs" the property shall go to them, but, on the contrary, that "if said Mary D. Olive has no bodily heirs at her death, said property is to revert to Walter T. Worthen."

We are of the opinion that Mrs. Mary D. Olive had a base or qualified fee in the land, subject to be divested on her death without "bodily heirs," which we construe to mean children. The case falls within the principle decided in the following cases, and others of like import: *Harris* v. *Smith*, 16 *Ga.* 545; *Burton* v. *Black*, 30 *Ga.* 638; *Hill* v. *Alford*, 46 *Ga.* 247; *Gibson* v. *Hardaway*, 68 *Ga.* 370; *Hudgens* v. *Wilkins*, 77 *Ga.* 555; *Matthews* v. *Hudson*, 81 *Ga.* 120 (7 S. E. 286, 12 Am. St. R. 305); *McCord* v. *Whitehead*, 98 *Ga.* 381 (25 S. E. 767); *Daniel* v. *Daniel*, 102 *Ga.* 181 (28 S. E. 167); *Chewning* v. *Shumate*, 106 *Ga.* 751 (32

S. E. 544); *Hertz* v. *Abrahams*, 110 *Ga.* 707 (36 S. E. 409, 50 L. R. A. 361); *Davis* v.· *Hollingsworth*, 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233); *Sumpter* v. *Carter*, 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Hill* v. *Terrell*, 123 *Ga.* 49 (51 S. E. 81); *Tyler* v. *Theilig*, 124 *Ga.* 204 (52 S. E. 606); *Kinard* v. *Hale*, 128 *Ga.* 485 (57 S. E. 761); *Phinizy* v. *Wallace*, 136 *Ga.* 520 (71 S. E. 896); *Brown* v. *Lane*, 147 *Ga.* 1 (92 S. E. 517); *Nottingham* v. *McKelvey*, 149 *Ga.* 463 (100 S. E. 371); *Slappey* v. *Vining*, 150 *Ga.* 792 (105 S. E. 353); *Curles* v. *Wade*, 151 *Ga.* 142 (106 S. E. 1); *Davidson* v. *Blackwell*, 152 *Ga.* 48 (108 S. E. 469); *Daniel* v. *Daniel*, 152 *Ga.* 610 (110 S. E. 721). We are asked by the plaintiff in error to review the above-cited cases and overrule them; but after reviewing these cases we decline to do so. Under the principle so ruled, if Mrs. Olive's children, now in life, should be living at the time of her death, they would not take under the will as remaindermen, for the reasons stated in at least one of the above-cited cases (*Hill* v. *Terrell*), that the law does not favor implications, and therefore it can not be held from the language of the will that her children living at the time of her death would take under the will by necessary implication, but might inherit, if there was nothing in the will or deed to the contrary, as heirs at law of their deceased mother. But there is something in the will to the contrary, for it expressly declares that if Mrs. Olive should die without leaving bodily heirs at the time of her death, then the property devised should go to Walter T. Worthen; and as Worthen has made a quitclaim deed to the property in controversy to the plaintiff in this case, we are of the opinion that under the deeds from Mrs. Olive and Worthen to the plaintiff, the latter gets a fee-simple title to the property in controversy. The Civil Code (1910), § 3677, provides: "If the remainderman·dies before the time arrives for possessing his estate in remainder, his heirs are entitled to a vested-remainder interest, and to a contingent-remainder interest when the contingency is not as to the person but as to the event. If the contingency be as to the person, and that person be not in esse at the time when the contingency happens, his heirs are not entitled." And see § 3676. In *Morse* v. *Proper*, 82 *Ga.* 13, 18 (8 S. E. 625), it was held in effect that where S deeded land to X in trust for Y for the life of Y, and then to her children, and, if she should die without children, to

X in fee, X had a contingent remainder, depending upon the happening of an event, and he could therefore devise that interest under the foregoing section of the code. And see *Johnson* v. *Johnson*, 158 *Ga.* 534, 539 (124 S. E. 18) ; 23 R. C. L. 575, § 127.

There were no issues of fact to be submitted to the jury; and applying the foregoing principles, the court did not err in directing a verdict for the defendant.

*Judgment affirmed.* *All the Justices concur.*