25124. TOWNS, Administratrix v. WALTERS, Administratrix, et al.

UNDERCOFLER, Justice. Mrs. Anna E. Hood died in 1909. By her last will she devised a life estate in her property to her husband, Singleton Hood. Upon his death or remarriage, it

was directed that the property be equally divided between her two daughters Leslie I. Mercer and Mamie Julia Hood provided ". . . in case either of my heirs die without bodily issue that their portion revert to my estate and be turned over to the surviving heir." In 1918 Singleton Hood and Leslie I. Mercer conveyed to Mamie Julia Hood Braswell (then married) by quitclaim deed ". . . all the right, title, interest, claim or demand . . . [they] have or may have had . . ." in 150 described acres, the property in dispute. In consideration of that deed Mamie Julia Hood Braswell conveyed to Leslie I. Mercer by quitclaim deed her interest in another 250 described acres. As stated by the appellee in his brief, the quitclaim deeds were exchanged apparently for the purpose of dividing the estate. Singleton Hood died in 1922. Mamie Julia Hood Braswell died in 1952 without bodily issue. She was survived by her husband Eafus H. Braswell who was her sole heir. He continued to live on said 150 acres until his death on May 20, 1967. Leslie I. Mercer died on November 6, 1967, leaving two children who are her heirs. This action was brought by the administratrix of the estate of Leslie I. Mercer against the representative of the estate of Eafus H. Braswell to establish that title to the said 150 acres vested in Leslie I. Mercer in 1952 when Mamie Julia Hood Braswell died without bodily issue.

It was contended that the contingent estate which vested in Leslie I. Mercer in 1952 was not a present interest in 1918 and was not conveyed by her quitclaim deed of that year. Upon a stipulation of facts and waiver of a jury trial, the court rendered judgment holding that the estate of Leslie I. Mercer had title to said property. The defendant appeals. *Held:*

Mamie Julia Hood Braswell was devised a vested remainder in the property in dispute subject to being divested upon her death without bodily issue. This was a defeasible fee which came into her possession upon extinguishment of the prior life estate. 1 Redfearn on Wills 460, § 174. The further provision of the will that the property then "revert to my estate and be turned over to the surviving heir" created an executory devise. Agnor, Defeasible Fees, pp. 65-69; *Johnson v. Johnson,* 213 Ga. 466, 470 (99 SE2d 827); *Kinard v. Hale,* 128 Ga. 485 (57 SE 761). This devise gave Leslie I. Mercer a contingent future estate which would vest upon the divesting of the prior estate, provided she survived the other heir.

"Where a future interest has been created to follow a defeasible fee the holder thereof may be faced with the problem of how to transfer this interest to another. This problem includes all methods of transfer: alienation, devise, descent, and representation. The problem may also depend on whether the future interest is a possibility of reverter, right of entry, or executory limitation. . . The basic difficulty stems from the refusal of the courts and writers to consider the future interest following a defeasible fee as being either an estate or interest in land." Agnor, Defeasible Fees, 129, § 6.1. However, "Where the holder of the future interest is willing to execute a deed of release to the holder of the defeasible fee, no serious question appears to be presented. Even at common law such a release was permitted with a resulting merger and the vesting of a fee simple in the present holder. Any future interest could be released to the holder of a present estate. . . No case seems to have raised an objection to a release, and the cases generally have approved such releases with little or no discussion." Agnor, Defeasible Fees, 130, § 6.2.

"The common law considered a contingent remainder to be an expectancy and not an estate, hence, not assignable by deed to a stranger. But such an interest could be released to the tenant in possession or the holder of the prior estate, or to the reversioner, so as to create in the latter a fee simple. Such a release operated not as a conveyance, but as an extinguishment. Thus, if two persons have the use of property for their joint lives, with a contingent remainder to the survivor of them, one of them may release to the other his interest in the property, present and future. A release of a contingent remainder may be by a quitclaim deed. . ." 33 AmJur 617, § 151. "Even in the absence of statute, the law is well settled in the United States that any variety of future interest may be transferred by a conveyance which is effective as a release." Simes and Smith, Future Interests, (2d Ed.) 162, § 1855. See Mitchell, Real Property, 292 (Conveyance by Release); *Isler v. Griffin*, 134 Ga. 192 (67 SE 854). "The modern quitclaim deed is lineally descended from a release, the styling, whether 'quitclaim' or 'release,' being derived from the operative words, 'remise, release and forever quitclaim. . .'" 23 AmJur2d 88, § 16.

In the instant case the quitclaim deed described the land with particularity. It expresses the intention to "remise, release

and forever quitclaim . . . all the right, title, interest, claim or demand" therein so that the grantors ". . . nor their heirs, nor any other person or persons claiming under them shall at any time, by any ways or means, have, claim or demand, any right or title to the aforesaid lot of land or its appurtenances, or any right thereof."

This language shows clearly that Leslie I. Mercer intended to release her future interest in the property to Mamie Julia Hood Braswell, the holder of the prior estate. *McCoy v. Olive,* 168 Ga. 492 (2) (148 SE 327).

Accordingly, Leslie I. Mercer by her quitclaim deed of 1918, in addition to dividing the estate of her mother, conveyed to her sister Mamie Julia Hood Braswell her interest in the executory devise which subsequently vested in 1952. Therefore, since Mamie Julia Hood Braswell held the defeasible fee in the property, upon delivery of the quitclaim deed in 1918 she held the entire fee simple title.

The cases relied upon by appellee are concerned with mere possibilities and after-acquired title. *Code Ann.* § 96-102 (repealed by Ga. L. 1962, pp. 156, 427); *Phelps v. Palmer,* 192 Ga. 421, 425 (15 SE2d 503); *Morrison v. Whiteside,* 116 Ga. 459 (42 SE 729). They are distinguishable from the instant case where the grantor released her interest in a future estate to the holder of the defeasible fee.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1969—DECIDED MAY 8, 1969—
REHEARING DENIED MAY 22, 1969.

*Reuben A. Braswell, Irwin L. Evans,* for appellant.
*Thomas A. Hutcheson,* for appellees.